# Exhibit A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

FILED
2/19/2019 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 2/19/2019 2:46 PM   2019L001827

| | |
|---|---|
| QIANA M. COLLINS, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Case No. 2019L001827 |
| **ARAMARK CAMPUS, LLC,** | ) |
| **A Delaware limited liability** | ) |
| **Company,** | ) |
| | ) |
|       **Defendant.** | ) |

## COMPLAINT

Plaintiff, Qiana M. Collins ("Collins"), by her attorney, Hall Adams, states as follows for her Complaint against defendant, Aramark Campus, LLC ("Aramark"):

### Common Allegations

1. Plaintiff is an individual resident of the County of Cook, State of Illinois, wherein.

2. Defendant is a Delaware limited liability company having its Illinois Registered Agent and Registered Office and doing business in the County of Cook, State of Illinois

3. The events alleged herein occurred substantially within the County of Cook, State of Illinois.

4. Plaintiff is an African American woman.

5. Defendant is engaged in the business of providing food, food service and food supplies to its customers, including schools.

6. In or around June 2014, defendant hired plaintiff to work as a Regional Finance Manager and assigned her to work on its Chicago Public Schools account. In this position, plaintiff's duties consisted of, *inter alia*, financial reporting and forecasting, customer/client account management and supervision/management of staff.

FILED DATE: 2/19/2019 2:46 PM   2019L001827

7.     From time-to-time during plaintiff's employment with defendant and because of plaintiff's demonstrated competence and turn-over and temporary vacancies, plaintiff was tasked with simultaneously preforming the duties of her own position as well as those of the senior position of Regional Finance Director, which she performed capably and to defendant's expressed satisfaction.

8.     For a period of time up to in or around 13 April 2018, the Regional Finance Director position had been held by a Caucasian male.

9.  In or around 28 March 2018, the Caucasian male incumbent Regional Finance Director gave notice of his intent to resign that position.

10.  At around that time and again because of her previously demonstrated competence and ability to successfully carry out the duties of the Regional Finance Director position on a temporary basis, defendant interviewed plaintiff for position and then offered the position to plaintiff.

11.  Although defendant's offer of the Regional Finance Director position would have been a promotion and included a modest raise from her current salary, she was offered the position at a salary that was substantially less than the Caucasian male who she would have replaced in the very same position performing the very same job.  Plaintiff expressed to defendant the fact that the disparate pay discriminated against her on the basis of both her race and her sex.

12.  Plaintiff declined defendant's offer but also conveyed a counter-proposal to take the Regional Finance Director position provided that she was paid the same compensation as the Caucasian male who had just resigned the position.  Defendant refused to promote plaintiff to the position on these terms.

2

FILED DATE: 2/19/2019 2:46 PM    2019L001827

13. Instead, defendant filled the Regional Finance Director position with another Caucasian male to whom it has paid substantially higher compensation than that which it had offered to pay plaintiff to take the same position and perform substantially the same duties.

14. On or about 13 August 2018, plaintiff applied and was approved for and began a short-term medical leave of absence, characterized even *by defendant* as a Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") leave.

15. On or about 2 October 2018, *before* plaintiff had returned from her approved FMLA medical leave of absence, defendant notified her that her employment would be terminated effective 12 October 2018, while she was still on FMLA leave.

16. Defendant terminated plaintiff's employment in retaliation for the facts that; a) plaintiff had complained that the pay she was offered to accept the Regional Finance Director position was not equal to that which was actually paid to both the prior and subsequent Caucasian males who held the same position, and b) she had exercised her rights to take FMLA leave.

## Count I – Violations of U.S. Equal Pay Act, 29 U.S.C. § 206(d)(1)

1.-13. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (13) of Common Allegations of this Complaint as if same were set forth here as paragraphs (1) – (13) of this Count I.

14. At all relevant times, 29 U.S.C. § 206(d)(1) was in force and effect. It provided:

*(d) Prohibition of sex discrimination. (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex/ Provided, That an employer who is paying a wage rate differential in violation of*

3

FILED DATE: 2/19/2019 2:46 PM    2019L001827

*this subsection shall not, in order to comply with the provisions of this subsection,
reduce the wage rate of any employee.*

15.    In violation of the foregoing provisions of § 206(d)(1), defendant offered to pay

plaintiff, a woman, substantially less, to perform the position of Regional Finance Director than

it paid two different men, the one who had filled and resigned the position when it was offered to

plaintiff for substantially less pay, and then the one who ultimately filled the position after

defendant refused to hire plaintiff to perform the job for pay comparable to that which the male

predecessor received.

16.    Plaintiff sustained damage as a proximate result of defendant's violation of

§206(d)(1), consisting of the resulting differential in pay.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against

defendant for a sum in excess of $50,000.00 consisting of such actual and liquidated damages as

may be proved at trial and such equitable relief as may be appropriate, including reinstatement,

promotion and payment of lost wages, plus attorney's and costs, all as provided for by 29 U.S.C.

§ 216(b).

Plaintiff demands trial by jury.

### Count II – Violation of Illinois Equal Pay Act, 820 ILCS 112 et seq.

1.-13.    Plaintiff restates, realleges and incorporates by reference herein the allegations

contained in paragraphs (1) - (13) of Common Allegations of this Complaint as if same were set

forth here as paragraphs (1) – (13) of this Count II.

14.    At all relevant time, 820 ILCS 112/10(a) was in force and effect and provided

that:

> *Sec. 10. Prohibited acts. (a) No employer may discriminate between
> employees on the basis of sec by paying wages to an employee at a rate
> less than the rate at which the employer pays wages to another employee*  .
> *of the opposite sec for the same or substantially similar work on jobs the
> performance of which requires equal skill, effort, and responsibility, and*

4

FILED DATE: 2/19/2019 2:46 PM   2019L001827

*which are performed under similar working conditions, except where the payment is made under:*
> *(1) a seniority system;*
> *(2) a merit system;*
> *(3) a system that measures earnings by quantity or quality of production ; or*
> *(4) a differential based on any other factor other than (i) sex or (ii) a factor that would constitute unlawful discrimination under the Illinois Human Rights Act  [775 ILCS 5/1-101 et seq.]*

*An employer who is paying wages in violation of this Act may not, to comply with this Act, reduce the wages of any other employee.*

*Nothing in this Act may be constructed tor require an employer to pay, to any employee at a workplace in a particular county, wages that are equal to the wages paid by that employer at a workplace in another county to employees in jobs the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions.*

15.    In violation of the foregoing provisions of § 112/10(a), defendant offered to pay plaintiff, a woman, substantially less, to perform the position of Regional Finance Director than it paid two different men, the one who had filled and resigned the position when it was offered to plaintiff for substantially less pay, and then the one who ultimately filled the position after defendant refused to hire plaintiff to perform the job for pay comparable to that which the male predecessor received.

16.    Plaintiff sustained damage as a proximate result of defendant's violation of § 112/10(a), consisting of the resulting differential in pay.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00, amounting to  all such actual damages and statutory penalties, attorney's fees, and costs as provided by 820 ILCS 112/30 and as may be proved at trial.

Plaintiff demands trial by jury.

5

FILED DATE: 2/19/2019 2:46 PM   2019L001827

## Count III – Retaliatory Discharge in Violation of U.S. Equal Pay Act, 29 U.S.C. § 215(a)(3)

1.-13.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (13)  and (16) of Common Allegations of this Complaint as if same were set forth here as paragraphs (1) – (13)  of this Count III.

14.   At all relevant times, 29 U.S.C. §. 215(a)(3) provided:

> *(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq.., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee [;]*

15.   Defendant violated § 215(a)(3) by terminating plaintiff's employment because she complained that she was offered unequal pay on the basis of her sex.

16.   Plaintiff sustained damage as a proximate result of defendant's violation of § 215(a)(3), consisting of the resulting differential in pay.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00, consisting for such actual and liquidated damages as may be proved at trial and such equitable relief as may be appropriate, including reinstatement, promotion and payment of lost wages, plus attorney's and costs, all as provided for by § 215(a)(3).

Plaintiff demands trial by jury.

## Count IV – Retaliatory Discharge in Violation of Illinois Equal Pay Act, 820 ILCS 112/10(b)

1.-14.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (14)  and (16) of Common Allegations of this Complaint as if same were set forth here as paragraphs (1) – (14)  of this Count IV.

15.   At all relevant times, 820 ILCS 112/10(b) was in force and effect and provided:

6

FILED DATE: 2/19/2019 2:46 PM   2019L001827

*(b) It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this Act. It is unlawful for any employer to discharge or in any other manner discriminate against any individual for inquiring about, disclosing, comparing, or otherwise discussing the employee's wages or the wages of any other employee, or aiding or encouraging any person to exercise his or her rights under this Act.*

16.     Defendant violated § 112/10(b) by terminating plaintiff's employment because she complained that she was offered unequal pay on the basis of her sex.

17.     Plaintiff sustained damage as a proximate result of defendant's violation of §112/10(b), consisting of the resulting differential in pay.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 amounting to  all such actual damages and statutory penalties, attorney's fees and costs as provided by 820 ILCS 112/30 and as may be proved at trial.

Plaintiff demands trial by jury.

## Count V – Retaliatory Discharge In Violation of FMLA, 29 U.S.C. § 2601 *et seq.*

1.-9.     Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (9)  and (14) - (16) of Common Allegations of this Complaint as if same were set forth here as paragraphs (1) – (9)  of this Count V.

10.     At all relevant times, 29 U.S.C. § 2615(a)(2) was in force and effect and provided:

*(a) Interference with rights*
*(2) Discrimination*
*It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.*

11.     Defendant violated § 2615(a)(2) when it terminated plaintiff's employment in retaliation of plaintiff's exercise of her rights under the FMLA.

7

FILED DATE: 2/19/2019 2:46 PM   2019L001827

12.    Plaintiff sustained damage as a proximate result of defendant's violation of plaintiff's rights under § 2615(a)(2) .

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00, amounting to all such actual and liquidated damages to which plaintiff is entitled under § 2617(a)(1)(a) and as may be proved at trial, for such equitable relief as the court deems appropriate and as provided for by § 2617(a)(1)(b), and for attorney's fees and costs as provided by § 2617(a)(3).

Plaintiff demands trial by jury.

Respectfully submitted,

By:    /s/ Hall Adams
       One of Plaintiff's Attorneys

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois  60602
T:  (312) 445-4900
F:  (312) 445-4901
ARDC# #40587

FILED DATE: 2/19/2019 2:46 PM    2019L001827

FILED
2/19/2019 2:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2120 - Served                          2121 - Served
2220 - Not Served                      2221 - Not Served
2320 - Served By Mail                  2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Qiana M. Collins

_____
(Name all parties)                    Case No.    2019L001827

v.                                              _____

Aramark Campus, LLC, a Delaware LLC

### ☑ SUMMONS ⬜ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

> Please Serve Defendant c/o IL Reg. Agent - CT
> Corp., 208 S. LaSalle St., #814, Chicago, IL 60604

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons                                     (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 2/19/2019 2:46 PM    2019L001827

2/19/2019 2:46 PM DOROTHY BROWN

Atty. No.: 40587

Witness: _____

Atty Name: Hall Adams

Atty. for: Plaintiff

Address: 33 N. Dearborn, #2350

_____
DOROTHY BROWN, Clerk of Court

City: Chicago

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

State: IL    Zip: 60602

Telephone: 312 445 4900

Primary Email: hall@adamslegal.net

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org